IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **SHARON LYNN CONN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09-00974 |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Standing Order entered May 4, 2010 (Document No. 11.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross-Motions for Judgment on the Pleadings. (Document Nos. 9 and 10.)

The Plaintiff, Sharon Lynn Conn (hereinafter referred to as "Claimant"), filed an application for DIB on June 1, 2005, alleging disability as of June 17, 2004, due to back injury compression fractures, osteopenia/osteoporosis, tendonitis of the left elbow, carpal tunnel syndrome, high blood pressure, depression, and anxiety. (Tr. at 14, 31, 35, 42-44, 55.)  The claim was denied initially and upon reconsideration.  (Tr. at 31-33, 35-37.) On May 25, 2006, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 26.) The hearing was held on April 6, 2007, before the Honorable James D. Kemper. (Tr. at 201-36.) By decision dated May 22, 2007, the ALJ determined

that Claimant was not entitled to benefits. (Tr. at 14-20.) The ALJ's decision became the final decision of the Commissioner on June 26, 2009, when the Appeals Council denied Claimant's request for review. (Tr. at 4-6.) Claimant filed the present action seeking judicial review of the administrative decision on August 28, 2009, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2007). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2007). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she had not engaged in substantial gainful activity since the alleged onset date, June 17, 2004. (Tr. at 18, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from "a history of thoracic strain with osteoporosis of the left hip and osteopenia of the lumbar spine," which were severe impairments. (Tr. at 18, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform light exertional level work, as follows:

> [C]laimant has the residual functional capacity to perform light work; however, she can only occasionally climb, balance, stoop, kneel, crouch, and crawl; and she should avoid concentrated exposure to extreme cold, vibration, and hazards.

(Tr. at 17, Finding No. 5.) At step four, the ALJ found that Claimant could return to her past relevant work as a store manager and receptionist. (Tr. at 19, Finding No. 6.) Nevertheless, on the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ further concluded that Claimant could perform jobs such as a survey interview workers and clerical worker, at the light exertional level; and telephone order clerk and telephone solicitor, at the sedentary level of exertion. (Tr. at 19-20, Finding No. 10.) On this basis, benefits were denied. (Tr. at 20, Finding No. 11.)

Claimant's Background

Claimant was born on February 28, 1957, and was 50 years old at the time of the administrative hearing, April 6, 2007. (Tr. at 19, 42.) Claimant had a high school education and was able to communicate in English. (Tr. at 19, Finding No. 8; 61.) In the past, Claimant worked as a store manager and receptionist. (Tr. at 19, 56-57.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ (1) failed to acknowledge that Claimant's past relevant work as a receptionist was performed only four months prior to the administrative hearing; (2) improperly concluded that Claimant had returned to work at the Dollar General Store in 2004 and was terminated in 2006, which is contrary to the evidence; (3) failed to make a proper credibility assessment; (4) failed to consider the possibility that Claimant could have had a closed period of disability; and (5) erred in posing a hypothetical question to the VE. (Document No. 9 at 7-12.) The Commissioner asserts that Claimant's arguments are without merit and that substantial evidence supports the ALJ's decision. (Document No. 10 at 7-10.)

Analysis.

1. Past Relevant Work.

Claimant first alleges that the ALJ erred in determining that her past relevant work as a receptionist constituted substantial gainful activity because she had performed the job only four

months prior to the administrative hearing and prior to alleged period of disability. (Document No. 9 at 7-8.) The Commissioner asserts that Claimant fails to explain how her receptionist job did not meet the stated criteria for past relevant work. (Document No. 10 at 7-8.) The Commissioner asserts that the job was performed within the past 15 years, lasted long enough for Claimant to learn how to do it, and did not deny that the number of hours she worked and her earning constituted substantial gainful activity. (Id.) Thus, the Commissioner contends that Claimant's receptionist job constitutes substantial gainful activity within the meaning of the Regulations. (Id. at 8.)

The Regulations provide that when it cannot be decided whether a claimant is disabled on medical evidence alone, the Agency will consider the individual's residual functional capacity together with his or her vocational background. See 20 C.F.R. § 404.1560(a) (2007). Residual functional capacity will be compared with the physical and mental demands of the claimant's past work, and if the person can still perform his past relevant work, he will be found not disabled. See id. § 404.1560(b). Past work experience is relevant when it is work that was performed in the last 15 years, which lasted long enough for the person to learn to do it and which was substantial gainful activity. See 20 C.F.R. § 404.1565(a). Substantial gainful activity is "work activity that is both substantial and gainful." Id. § 404.1572. Substantial work activity involves significant physical or mental activities, and work may be substantial even if it is done part-time. Id. § 404.1572(a). Gainful work activity is work done for pay or profit, whether or not a profit is realized. Id. § 404.1572(b).

In determining whether a Claimant can perform her past relevant work ("PRW"), the Regulations provide that the claimant will be asked to provide information about past work and that the Commissioner will consult other sources, including vocational experts and specialists, as well as the Dictionary of Occupational Titles ("DOT"), in obtaining necessary evidence about the PRW.

See 20 C.F.R. § 404.1560(b)(2) (2007). With regard to the role of Vocational Experts ("VE") in this determination, the Regulations provide as follows:

> A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

Id.

As the Commissioner points out, Claimant performed the job of a receptionist within the past 15 years and that she performed it long enough to learn how to do the job. Claimant does not take issue with the number of hours she worked or her earnings. Accordingly, the undersigned finds that Claimant's past relevant work as a receptionist constitutes substantial gainful activity within the meaning of the Regulations.

2. Period of Employment at Dollar General Store.

Claimant next alleges that the ALJ made a factual error in finding that she returned to her employment at the Dollar General Store in 2004 and was terminated in 2006. (Document No. 9 at 8-9.) Claimant asserts that according to the Earnings Statements (Tr. at 41.), she Claimant worked part of the year 2004, earned less than $30,000.00 in 2005, and earned nothing in 2006. (Id. at 8.) In her Disability Report - Adult, as prepared by the Social Security District Office, Claimant reported that she was injured on the job on June 17, 2004, and was not considered an employee again until March 2005, when she resigned. (Id.) Claimant asserts that such mistake was relevant to the ALJ's credibility assessment. (Id.)

The Commissioner asserts that contrary to Claimant's allegation, the record demonstrates that on questioning by her attorney, Claimant testified to having been terminated from the Dollar General Store in March or April 2006. (Document No. 10 at 8.)

As the Commissioner correctly points out, Claimant testified at the administrative hearing that her employment at the Dollar General Store was terminated "I think in March or April of '06, maybe." (Tr. at 212.) Counsel noted that Claimant did not really have a job in April 2006, to which she could return, and Claimant agreed. (Id.) Claimant's counsel did not indicate that such testimony was inaccurate. Accordingly, the undersigned finds that the ALJ was entitled to rely on Claimant's testimony regarding her past relevant work. To the extent that the ALJ committed error in relying on such testimony in the face of other evidence to the contrary, the undersigned finds that such error was harmless because it was but one piece of evidence on which the ALJ relied in assessing Claimant's credibility.

3. Pain and Credibility Assessment.

Next, Claimant alleges that the ALJ's credibility assessment is not supported by the evidence of record. (Document No. 9 at 9-10.) Specifically, Claimant asserts that the ALJ improperly reached the conclusion that she returned to work after she filed her claim and worked until her employment was terminated in 2006. (Id. at 10.) She asserts that the ALJ failed to support his finding with citations to the record. (Id.) The Commissioner does not respond specifically to this argument.

The undersigned finds, as stated above, that though the Earnings Statement may reflect otherwise, Claimant testified at the administrative hearing that she was terminated from employment at the Dollar General Store in 2006. Nevertheless, the ALJ also found other inconsistencies in Claimant's statements. (Tr. at 18.) The ALJ noted that despite Claimant's reports of disabling

7

conditions, she received only limited conservative treatment for her complaints. (Id.) Additionally, the ALJ found that Claimant began another job in January, 2007, which Claimant does not contest. (Id.) These inconsistent statements, together with the opinion evidence of record, supported the ALJ's credibility determination. (Id.) Thus, because the ALJ relied on other evidence in assessing Claimant's credibility and because she initiated another job in January, 2007, and because Claimant does not otherwise challenge the ALJ's credibility assessment, the undersigned finds that if the ALJ committed any error regarding the duration of Claimant's employment at the Dollar General Store, such error is harmless.

4. <u>Closed Period of Disability</u>.

Claimant further alleges that the ALJ erred in not finding that she had a closed period of disability. (Document No. 9 at 10-11.) Claimant notes that her alleged onset of disability was June 17, 2004, but her hearing was not held until two years later in April 2007. (Id. at 10.) By that time, Claimant asserts that she had found a job that would accommodate her limitations, and began employment on January 2, 2007. (Id. at 11.) The Commissioner asserts that Claimant was not disabled during the time period at issue. (Document No. 10 at 8.) Rather, the Commissioner asserts that at all times relevant to the decision, Claimant was capable of performing light exertional level work. (Id.) The Commissioner further asserts that the fact that Claimant received Workers' Compensation benefits for a period of time did not contravene the ALJ's light work finding. (Id. at 10.) Finally, the Commissioner asserts that Claimant, herself, acknowledged that she was able to work based on her statement: "By that time the claimant had found a job that would accommodate her limitations." (Id.)

The undersigned finds the Commissioner persuasive on this point. An individual is not

deemed disabled if she cannot find a job, but is otherwise capable of working. See 20 C.F.R. § 404.1566 (2007). Claimant's statement that she was able to find a job that accommodated her limitations, suggests that she was capable of working all along, but simply could not find accommodating work. Moreover, the evidence of record contains the reports of several reviewing and examining physicians that Claimant could perform at least light exertional level work. (Tr. at 104, 149, 150, 189-90.) Furthermore, Claimant's reported activities included household chores, shopping for groceries, and preparing meals. (Tr. at 121.) Consequently, Claimant has not demonstrated that she was unable to work during any relevant period of time. As the Commissioner notes, the fact that she received Workers' Compensation benefits also does not contravene the ALJ's finding that Claimant could perform light work. Rather, receipt of those benefits may suggest that Claimant was incapable of performing a particular job, but not all jobs. Accordingly, the undersigned finds that Claimant has failed to demonstrate that she was disabled during any period of time relevant to the ALJ's decision, and therefore, that her argument in this regard is without merit.

5. Hypothetical Question.

Finally, Claimant alleges that the ALJ failed to consider all the limitations identified by the medical experts in this case. (Document No. 9 at 12.) Specifically, she asserts that the ALJ failed to acknowledge the push/pull limitation that would place more than 25 pounds on her spine as assessed by Dr. Lowe (Tr. at 107.), and the sit/stand option assessed by Dr. Rapier (Tr. at 20.). The Commissioner does not address this argument.

To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out

9

all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." Id. at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of claimant's impairments, the questions need only reflect those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

Though the ALJ may not have included the 25 pound limitation and sit/stand option in his hypothetical questions to the VE, it is clear that the ALJ considered Dr. Lowe's 25 pound lifting restriction on August 24, 2004. (Tr. at 19.) There is no indication that the VE included a sit/stand option in his hypothetical question, either. Nevertheless, the undersigned finds that any such error is harmless as Claimant had been performing the job of a receptionist for approximately five or six months prior to the ALJ's decision. Furthermore, the undersigned finds that the ALJ's RFC assessment is supported by the state agency medical consultants who opined that Claimant could perform a limited range of light work, which includes lifting/carrying less than 25 pounds on an occasional and frequent basis. (Tr. at 19.) Likewise, the VE identified jobs at both the sedentary and light exertional levels for which Claimant could perform. Accordingly, the undersigned finds that Claimant's argument is without merit and that substantial evidence supports the ALJ's decision.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **DENY**

the Plaintiff's Motion for Judgment on the Pleadings (Document No. 9.), **GRANT** the Defendant's Motion for Judgment on the Pleadings (Document No. 10.), **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

DATE: September 7, 2010.

R. Clarke VanDervort
United States Magistrate Judge